PALOMA P. PERACCHIO, CA Bar No. 259034
paloma.peracchio@ogletree.com
CARMEN M. AGUADO, CA Bar No. 291941
carmen.aguado@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

MITCHELL A. WROSCH, CA Bar No. 262230
mitchell.wrosch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

[*Additional counsel on following page*]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOVONNA LANAE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently herewith Disclosure Statement; Civil Cover Sheet*]<br><br>Complaint Filed: September 25, 2023<br>Trial Date:      None<br>District Judge:  Hon. TBD<br>                 Courtroom TBD |

Case No. _____

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

ALEXANDRA ASTERLIN, CA Bar No. 221286
alexandra.asterlin@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:     916-840-3150
Facsimile:     916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

Case No. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. ("Defendant" or "Walmart"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Merced to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff YOVONNA LANAE JOHNSON ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Delaware and Arkansas; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now. *See* Eastern District Local Rule 204 (requiring Defendant to set forth the basis for federal jurisdiction and facts supporting such jurisdictional claim).

## I.    THE STATE COURT ACTION

1.    On September 25, 2023, Plaintiff filed an action entitled "*Yovonna Lanae Johnson vs. Wal-Mart Associates, Inc.*" in Merced County Superior Court, Case Number 23CV-03556. A true and correct copy of the Complaint served on Defendant is attached hereto as **Exhibit A.**

2.    On October 11, 2023, Plaintiff served Defendant with the Summons and Complaint. A true and correct copy of the Summons and Complaint, which were served on Defendant are attached hereto as **Exhibit B**.

## II.    REMOVAL IS TIMELY

3.    A defendant in a civil action has thirty days from the date it is validly served with a Summons and Complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a Defendants' time to remove is triggered by formal service of the summons and complaint).

4.    Here, removal is timely because it took place on November 13, 2023, within thirty days of Defendant's October 11, 2023, service date.

## III.    <u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>

5.    This timely Notice is based on complete diversity of the parties.  Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Arkansas.

6.    **<u>Plaintiff is a Citizen of California</u>**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7.    As set forth in the Complaint, Plaintiff is a resident of California and worked for Defendant in the County of Merced, State of California. *See* Ex. A [Compl.], ¶¶ 1, 4. As such, Plaintiff is domiciled in and, for purposes of diversity jurisdiction, is a citizen of the State of California.

8.    **<u>Defendant is Not a Citizen of California</u>:** Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184.  The Court further clarified the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

9.    Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, Defendant, at the time this action was commenced, was (and is still) incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.  *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL

4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted,* No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.")

10. Thus, Defendant was not and is not a citizen of the State of California but, rather, is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

11. **"Doe" Defendants' Citizenship:** "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 100" in the Complaint cannot defeat diversity jurisdiction.

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

12. This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

13. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is satisfied, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

14.    "[A]s specified in § 1446(a), a Defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added).  To meet this relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

15.    **Compensatory Damages**: Plaintiff seeks lost income in the form of past and future earnings and benefits.  *See* Ex. A [Compl.], Relief Requested, p. 16-18. Plaintiff alleges Defendant terminated her employment on March 27, 2023, after she provided a doctor's note regarding her medical condition and attempted to file a medical leave claim. *Id*. ¶¶ 7, 23.  Assuming Plaintiff has not secured new employment, she puts at issue a minimum of seven months' worth of lost income to date and, assuming this case goes to trial in approximately 59 months, her back pay claim will seek over five years of past wages and benefits.  *See* U.S. District Court–Judicial Caseload Profile, California Eastern, June 30, 2023, available at  https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-1 (indicating that the average time to trial in the Eastern District is 59 months).  At the time of her termination, Plaintiff was earning at least $15.50 per hour (California's minimum wage as of January 1, 2023) working, on average, 40 hours per week.  Thus, assuming that Plaintiff has not found new employment at the time of trial in this case, her claim for lost income alone will be approximately $163,680.00 ($620.00 per week x 264 weeks).

16.    **Emotional Distress**: Plaintiff also seeks compensation for non-economic damages including emotional distress. *See e.g.,* Ex. A [Compl.], ¶¶ 48, 57, 67, 78, 83, 92. Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy.  A review of jury verdicts in California demonstrates emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g.*, *Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business*

4                          Case No. _____

*Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge).  Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

17.   **Penalties**: Plaintiff also seeks various penalties under the California Labor Code for meal and rest break premiums, unpaid straight time, and waiting time penalties. Based on Plaintiff's allegations, Defendant estimates Plaintiff claims approximately $28,800 in penalties:

- $10,540 in meal period premiums (5 missed meal periods per week x 136 workweeks x $15.50)[1];

- $10,540 in rest period premiums (5 missed rest periods per week x 136 workweeks x $15.50);

- $3,720 in waiting time penalties ($15.50 per hour x 8 hours x 30 days); and

- $4,000 in wage statement penalties under Labor Code § 226.

18.   **Attorneys' Fees**: Plaintiff also seeks attorneys' fees. Ex. A [Compl.], Request for Relief p. 16-18.  Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  *See Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).  Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp., Inc.,* 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in

[1] Plaintiff alleges she was employed from June, 2020, to March 7, 2023, amounting to approximately 136 workweeks.  (Ex. A [Compl.], ¶ 39.)

Case No. _____

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.,* No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages); *Ochoa v. Costco Wholesale Corp.*, No. 2:22-CV-02287-KJM-AC, 2023 WL 2861906, at *4 (E.D. Cal. Apr. 10, 2023) ("Some courts have used $30,000 as a 'conservative estimate' where defendants do not introduce specific evidence of attorneys' fees in employment discrimination cases. [Citation omitted.] However, with the number of claims asserted in this case, Costco has shown by a preponderance of the evidence attorneys' fees likely would exceed the amount in controversy requirement."); *Azzolin v. San Bernardino County Sheriff's Dept.*, No. CIVDS1206805, 2014 WL 7405874, at *1 (Cal.Super. Aug. 04, 2014) (awarding $506,313.00 in attorneys' fees after jury found for plaintiff on claims of disability discrimination, failure to engage in interactive process and failure to accommodate).

19.    Defendant anticipates the parties will propound written discovery, several depositions will be taken, and, ultimately, Defendant will file a Motion for Summary Judgment.  Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees.  Therefore, if Plaintiff is successful on her claims, she could be entitled to an award of attorneys' fees that, in and of itself, would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

20.    Accordingly, Plaintiff's claims for lost wages and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

**V.    <u>VENUE</u>**

21.    Venue lies in this Court because Plaintiff's action is pending in this district and division.  *See* 28 U.S.C. § 1441(a).  Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of California, County of Merced.  Additionally, Defendant is informed and believes the events allegedly giving rise to this action occurred within this judicial district.

Case No. _____

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

22.    In accordance with United States Code, Title 28, Section 1446(a), **Exhibits A-B** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant.  As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint.  As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Merced.

## VII.    CONCLUSION

23.    Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests this Court exercise its removal jurisdiction over this action.

In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  November 13, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Paloma P. Peracchio
Paloma P. Peracchio
Alexandra Asterlin
Mitchell A. Wrosch
Carmen M. Aguado

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

7    Case No. _____

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446